IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                           Case No. 4:11-cr-40037-002

JAMONDO LEWIS                                                  DEFENDANT

## ORDER

Before the Court is Defendant Jamondo Lewis's Motion for Sentencing Reduction under the First Step Act Provision. (ECF No. 2114). The Court finds that no response is necessary and that the matter is ripe for consideration.

### I. BACKGROUND

On August 2, 2012, Defendant pleaded guilty to one count of conspiracy to distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 21 U.S.C. § 846. On June 7, 2013, the Court sentenced Defendant to 292 months of imprisonment and 5 years of supervised release. On June 15, 2015, the Court reduced Defendant's sentence to 235 months of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2).

On May 7, 2019, Defendant filed a motion requesting a sentence reduction under Section 404 of the First Step Act of 2018 ("FSA"). (ECF No. 2060). On May 14, 2019, the Court appointed the Federal Public Defender to represent Defendant with regard to that motion. On June 18, 2019, Defendant's counsel filed a supplement stating that Defendant is not eligible for relief under the FSA and requesting that Defendant's motion be withdrawn. (ECF No. 2070). On July 2, 2019, the Court granted that request and withdrew Defendant's FSA motion.

On March 16, 2020, Defendant filed the instant motion, reasserting his request for a sentence reduction under the FSA. Defendant states that his attorney did not get his permission to withdraw the previous FSA motion. Defendant states that he is a non-violent drug offender and asks for the Court to decide if he is eligible for relief under the FSA.

## II. DISCUSSION

Defendant asks the Court to determine whether he is eligible for a sentence reduction under the FSA. For the following reasons, the Court determines that he is not entitled to this relief.

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is when a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The FSA expressly allows courts to reduce sentences imposed for certain offenses. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. However, courts may only reduce a sentence pursuant to the FSA under certain circumstances. *See, e.g.*, *United States v. Brown*, No. 02-101 (JRT), 2019 WL 4888675, at \*2 (D. Minn. Oct. 3, 2019).

The FSA is tied to a previous sentencing reform measure, the Fair Sentencing Act of 2010. The Fair Sentencing Act of 2010 increased the amount of crack cocaine needed to trigger certain statutory mandatory minimums for importation and distribution offenses and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. *Dorsey v. United States*, 567 U.S. 260, 269-270 (2012). The Fair Sentencing Act, however, was not applied retroactively, meaning that sentences for specific crack cocaine offenses handed down before August 3, 2010 remained as originally imposed. *Id.* at 281; *United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011). The FSA remedied this by allowing courts to apply the Fair Sentencing Act retroactively, but only if a defendant was convicted of a "covered offense." First Step Act of 2018,

132 Stat. 5194, 5222.  The FSA defines a "covered offense" as an offense:  (1) whose penalty was modified by the Fair Sentencing Act and (2) that was committed before August 3, 2010.  *Id.*  "In short, for Section 404 of the First Step Act to be applicable, a defendant must have committed a specific offense involving crack cocaine *before* August 3, 2010."  *United States v. Perez*, No. CR 18-134 (JRT), 2020 WL 43008, at *2 (D. Minn. Jan. 3, 2020) (emphasis added).

Defendant's counsel withdrew his first FSA motion, in part, because his crack-cocaine offense was committed after August 3, 2010.  The Court agrees that Defendant is not eligible for relief under the FSA for this reason.  Although Defendant's indictment included crack-cocaine offenses that occurred before August 3, 2010, those charges were later dismissed on the government's motion.  The charge Defendant ultimately pleaded guilty to involved a crack-cocaine offense that occurred after August 3, 2010.  Accordingly, Defendant is not entitled to a sentence reduction under the FSA.

### III.  CONCLUSION

For the above-stated reasons, the Court finds that Defendant's motion (ECF No. 2114) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 18th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge