IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


UNITED STATES OF AMERICA                                                    PLAINTIFF


v.                                    Case No. 4:11-cr-40037-002


JAMONDO LEWIS                                                               DEFENDANT

## ORDER

Before the Court is Defendant Jamondo Lewis' Motions for Compassionate Release.  (ECF

Nos. 2172, 2187).   The government responded.   (ECF No. 2176).   The matter is ripe for

consideration.

### I.  BACKGROUND

On September 14, 2011, Defendant was charged with six drug trafficking offenses.  On

August 2, 2012, pursuant to a plea agreement, Defendant pleaded guilty to one count of conspiracy

to distribute more than 280 grams of methamphetamine.  As part of the plea agreement, Defendant

waived certain rights, including the right to request a sentence modification under 18 U.S.C. §

3582(c).  On June 6, 2013, the Court sentenced him to 292 months of imprisonment, followed by

5 years of supervised release.  Defendant's sentence was later reduced to 235 months on June 15,

2015.  Defendant is currently incarcerated in FCI Forrest City Medium in Forrest City, Arkansas.

Defendant filed a motion for appointment of counsel to help him file a motion for

compassionate release.  The Court appointed the Federal Public Defender's office.  With counsel's

help, Defendant filed a motion seeking a compassionate-release sentence reduction pursuant to

Section 603(b) of the First Step Act of 2018 (the "FSA").  (ECF No. 2172).  Defendant later filed

a second motion regarding compassionate release.  (ECF No. 2176).  The government opposes the

request.

## II. DISCUSSION

"A court's ability to modify a sentence after it has been imposed is extremely limited." United *States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at \*2 (N.D. Iowa Jan. 8, 2020). One way the Court may modify a sentence is through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A) and modified by the FSA. Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Defendant must show that compassionate release is warranted. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at \*1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).

As an initial matter, the Court must address Defendant's plea agreement, which provides in relevant part that he knowingly and voluntarily "waives the right to have [his] sentence modified pursuant to 28 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government." (ECF No. 824, p. 3).[1] The government argues, without citing authority, that this provision bars the instant motion, which is brought under 18 U.S.C. § 3582(c)(1)(A). Some courts have denied compassionate release motions based on similar waiver provisions in a plea agreement. *See, e.g.*, *United States v. Egebrecht*, No. 2:17-cv-00007-JRS/CMM, 2020 WL 3510775, at \*2 (S.D. Ind. June 29, 2020). Other courts have refused to do so if the defendant was sentenced before the passage of the FSA, reasoning that the defendant could not have knowingly waived a claim under the FSA because it did not exist at the time. *See, e.g.*, *United States v. Ellerby*, No. CR CCB-07-064, 2020 WL 2395619, at \*2 (D. Md. May 12, 2020). The Eighth Circuit does not appear to have addressed the issue, so the Court will assume, without deciding, that Defendant did not knowingly and voluntarily waive his right to seek compassionate release under section 603 of the FSA because

---

[1] Unless otherwise stated, citations to specific pages in the record are to the pagination generated at the top of the document by the CM/ECF system.

it did not exist when he entered into his plea agreement. *See United States v. Milligan*, No. 3:08-cr-30234-NJR-3, 2020 WL 7446546, at *3 (S.D. Ill. Dec. 18, 2020).

Compassionate release may be ordered if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). But before addressing those issues, the Court must first determine if Defendant exhausted all available administrative remedies. *Id.*

### A. Exhaustion of Administrative Remedies

The FSA provides two avenues for bringing a compassionate release motion. Defendant may file a motion after "fully exhaust[ing] all administrative rights to appeal a failure of the [Bureau of Prisons ("BOP")] to bring the motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of showing that he exhausted his administrative rights within the BOP. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP's Program Statement No. 5050.50 outlines the administrative exhaustion process. In short, a request for compassionate release must first be submitted to the warden of the BOP facility Defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the U.S. Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request within thirty days, Defendant's administrative remedies are deemed exhausted.  18 U.S.C. § 3582(c)(1)(A)(i).  If the warden denies the request within thirty days, Defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.  28 C.F.R. § 571.63(a).  If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and Defendant's administrative remedies are exhausted.  28 C.F.R. § 571.63(b-c).

Defendant states that he exhausted his administrative remedies.  The government does not argue otherwise.  The record shows that Defendant made a request to his warden for compassionate release.  (ECF No. 2178-1, p. 15).  The warden denied the request nearly two months later.  (ECF No. 2178-1, pp. 13-14).  Because the warden took longer than thirty days to respond, Defendant's administrative remedies are deemed exhausted.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Reasons

The Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Congress did not define what "extraordinary and compelling" reasons are, noting only that "[r]ehabilitation of the defendant alone" is insufficient.  28 U.S.C. § 994(t).  Instead, Congress directed the Sentencing Commission to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples.  *Id.*  The Sentencing Commission did so in a policy statement in the United States Sentencing Guidelines ("USSG"), so the Court looks to that as a starting point in determining what are "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i).[2]  *See id.*

---

[2] This policy statement predates the FSA, and the Sentencing Commission has not since updated it or adopted a new policy statement.  This is problematic because parts of the policy statement do not square neatly with the FSA's

The policy statement contemplates a reduction in a term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A). It limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

> (ii) The defendant is –

>> (I) suffering from a serious physical or medical condition,

>> (II) suffering from a serious functional or cognitive impairment, or

>> (III) experiencing deteriorating physical or mental health because the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

---

language. *Compare* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion), *with* 18 U.S.C. § 3582(c)(1)(A) (authorizing prisoners to file compassionate release motions after fully exhausting all administrative remedies). But the policy statement, while not binding, cannot be ignored and provides guidance on what are "extraordinary and compelling" reasons. *See U.S. v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant states that he is an African American male in his early forties and has hypertension and chronic kidney disease. He previously contracted COVID-19 while incarcerated, but was asymptomatic. (ECF No. 2178-2, p. 4). He argues that his health issues put him at serious risk of becoming severely ill if he contracts COVID-19 again, which he contends is more likely to happen if he is incarcerated. Thus, he concludes that his health issues, in combination with the ongoing pandemic, present extraordinary and compelling reasons for his compassionate release. The government disagrees.

Defendant's medical records indicate that he refused the Pfizer COVID-19 vaccine on April 8, 2021. (ECF No. 2178-3, p. 39). Nothing indicates that he has since obtained a COVID-19 vaccine. The CDC determined that the available vaccines are extremely effective at preventing contraction of COVID-19 and limiting serious illness post-infection. *See United States v. Weissinger*, No. 1:06-CR-132 CDP, 2021 WL 2252824, at *5 (E.D. Mo. June 2, 2021). This protection is expected to persist against the current variants that have emerged.[3] *See* Ctrs. for Disease Control & Prevention, *COVID-19 Vaccines Work*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last accessed June 16, 2022).

---

[3] If the current circumstances and the effectiveness of the vaccines are genuinely called into question, Defendant may renew his motion upon the changed scientific consensus. *See United States v. White*, 2021 WL 964050 at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.")

Although Defendant has a right to refuse the COVID-19 vaccine, he cannot do so and then rely on his risk of suffering serious complications from contracting COVID-19 to obtain compassionate release. *See United States v. Jackson*, No. 15-CR-260(7) (PAM/TNL), 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021) ("While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment, the Court finds it would be inappropriate to reward her refusal to protect herself by granting her release."). "Given the pragmatic concern that inmates might refuse the vaccine in a misguided effort to improve their chances of obtaining compassionate release, moreover, this Court is extremely disinclined to grant compassionate release where Defendant has refused the COVID-19 vaccine." *United States v. Henderson*, No. 4:19-CR-785-JAR-5, 2022 WL 424907, at *2 (E.D. Mo. Feb. 11, 2022).

But even if Defendant had not refused the COVID-19 vaccine, the Court would still deny compassionate release here. Defendant does not meet any of the policy statement's specific provisions. He is in his early forties, does not have any medical conditions that qualify as the type listed in the policy statement, and does not cite any family circumstances.

Defendant's hypertension and chronic kidney disease are listed by the CDC as risk factors for more severe illness upon contracting COVID-19. *See People at Increased Risk: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 16, 2022). But BOP medical staff are giving Defendant amlodipine for his hypertension and monitoring his kidney disease. Defendant has not shown that his medical conditions cannot be managed by the BOP staff, even

through the pandemic.   Moreover, the facility Defendant is incarcerated at, FCI Forrest City Medium, has zero reported cases of COVID-19 among the inmate population and four reported cases among staff as of the date of this order.  *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed June 16, 2022).

The Court cannot view Defendant's circumstances as extraordinary or compelling under the policy statement's specific provisions, or otherwise.  Accordingly, Defendant's motion must be denied.  18 U.S.C. § 3582(c)(1)(A).

**C. Section 3553(a) Factors**

Assuming *arguendo* that Defendant showed extraordinary and compelling reasons, the Court must also determine whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a compassionate release, to the extent that any are applicable.  That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed—
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>>
>> (4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An examination of these factors does not support Defendant's request for compassionate release. Defendant's refusal of an available COVID-19 vaccine prevents the Court from viewing his sentence as now harsher than when it was initially set. Also, Defendant has served roughly half of his 235-month sentence. Release with roughly half his sentence served would significantly undermine section 3553(a)(2)(A-B)'s requirements that a sentence promote respect for the law and offer adequate deterrence for future crimes. In his plea agreement, Defendant admitted to being part of a drug trafficking organization that pushed substantial quantities of crack cocaine onto the street of Texarkana, Arkansas. He also admitted to directing co-conspirators to conduct drug transactions on his behalf. The 235-month sentence is still necessary to reflect the seriousness of his offense and provide adequate deterrence for future criminal conduct. Further, the nature and circumstances surrounding Defendant's most recent conviction and his criminal history—which includes an assault conviction and several drug trafficking convictions—do not favor a reduction. *See* 18 U.S.C. § 3553(a)(1).

The Court commends Defendant's efforts towards rehabilitation and education during confinement, as well as the plans he has for stability once released. However, those efforts do not overcome the required examination of the circumstances surrounding his conviction and his criminal history. Accordingly, the sentencing factors, to the extent that they are relevant, do not

support Defendant's request for compassionate release.  His motion also fails on this ground.  18 U.S.C. § 3582(c)(1)(A).

### D. Danger to the Community

The Sentencing Commission's policy statement also provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).  Section 3142(g) outlines the following factors:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
>> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>>
>> (2) the weight of the evidence against the person;
>>
>> (3) the history and characteristics of the person, including—
>>
>>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>>
>>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>>
>> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court finds that the circumstances weighing against compassionate release under the section 3553(a) sentencing factors also weigh against compassionate release under the public

10

safety factors.  Defendant's criminal history and past conduct include convictions for assault and drug trafficking, which are harmful to his motion.  The Court again notes that Defendant seems to have made significant efforts at rehabilitation and education during his confinement.  However, the circumstances of his current conviction and past conduct prevents the Court from finding that the section 3142(g) safety factors support compassionate release.  Accordingly, Defendant's motion also fails on this ground.  18 U.S.C. § 3582(c)(1)(A).

### III.  CONCLUSION

For the above-stated reasons, Defendant's two motions for compassionate release (ECF Nos. 2172, 2187) are hereby **DENIED**.  To the extent that Defendant's second motion (ECF No. 2187) requests appointment of counsel for purposes of arguing compassionate release, that motion is also **DENIED**.

**IT IS SO ORDERED**, this 16th day of June, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge